# 1. STATE COURT DOCKET

## Case Information

DC-24-11531 | M. DOUGLAS BENSON vs. TEXAS A&M UNIVERSITY

Case Number
DC-24-11531

Court
162nd District Court

Judicial Officer
PHIPPS, KIM

File Date
07/30/2024

Case Type
EMPLOYMENT

Case Status
OPEN

## Party

PLAINTIFF
BENSON, M. DOUGLAS

Active Attorneys ▾
Lead Attorney
STONE, LAUREN ELIZABETH
Retained

DEFENDANT
TEXAS A&M UNIVERSITY

Active Attorneys ▾
Lead Attorney
DOLCEFINO, ANTHONY
Retained

## Events and Hearings

07/30/2024 NEW CASE FILED (OCA) - CIVIL

07/30/2024 ORIGINAL PETITION ▾

ORIGINAL PETITION

10/28/2024 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - PETITON - TEXAS A&M UNIVERSITY

Comment
AFFIDAVIT OF SERVICE - PETITON - TEXAS A&M UNIVERSITY

11/01/2024 DISMISSAL FOR WANT OF PROSECUTION ▾

162ND DISMISSAL/STATUS NOTICE

162ND DISMISSAL/STATUS NOTICE

Judicial Officer
WYSOCKI, ASHLEY

Hearing Time
10:00 AM

Cancel Reason
HEARING RESCHEDULED

01/30/2025 MOTION - DEFAULT JUDGMENT ▾

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

01/30/2025 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Comment
PROPOSED ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

01/31/2025 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
WYSOCKI, ASHLEY

Hearing Time
10:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

02/03/2025 RESPONSE ▾

RESPONSE TO PLAINTIFF S MOTION FOR DEFAULT JUDGMENT

Comment
RESPONSE TO PLAINTIFF S MOTION FOR DEFAULT JUDGMENT

02/03/2025 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING PLAINTIFF S MOTION TO FOR DEFAULT JUDGMENT

Comment
PROPOSED ORDER DENYING PLAINTIFF S MOTION TO FOR DEFAULT JUDGMENT

02/05/2025 Motion - Default Judgment ▾

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

PROPOSED ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Judicial Officer
MUNOZ, NICOLE

Hearing Time
1:30 PM

Comment
BY SUBMISSION

02/07/2025 ORDER - DENY ▾

ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Comment
MOTION FOR DEFAULT JUDGMENT

02/07/2025 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

03/14/2025 Scheduling Conference ▾

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

Judicial Officer
WYSOCKI, ASHLEY

Hearing Time
10:00 AM

## Financial

BENSON, M. DOUGLAS
| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $350.00 |
| | Total Payments and Credits | | | $350.00 |

| | | | | |
|---|---|---|---|---|
| 8/2/2024 | Transaction Assessment | | | $350.00 |
| 8/2/2024 | CREDIT CARD - TEXFILE (DC) | Receipt # 52153-2024-DCLK | Benson, Douglas | ($213.00) |
| 8/2/2024 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

162ND DISMISSAL/STATUS NOTICE

162ND DISMISSAL/STATUS NOTICE

AFFIDAVIT OF SERVICE - PETITON - TEXAS A&M UNIVERSITY

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

PROPOSED ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

PROPOSED ORDER DENYING PLAINTIFF S MOTION TO FOR DEFAULT JUDGMENT

RESPONSE TO PLAINTIFF S MOTION FOR DEFAULT JUDGMENT

ORDER DENYING MOTION FOR DEFAULT JUDGMENT

ORIGINAL ANSWER

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

# 2. PLAINTIFF'S ORIGINAL PETITION

FILED
7/30/2024 10:00 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cynthia R Willis DEPUTY

Case 3:25-cv-00540-K    Document 1-3    Filed 03/04/25    Page 7 of 68    PageID 14

DC-24-11531

### CAUSE NO._____

| | | |
|---|---|---|
| **M. DOUGLAS BENSON, PhD,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | 162nd |
| | § | |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **TEXAS A&M UNIVERSITY,** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, M. Douglas Benson, PhD (hereinafter "Benson" or "Plaintiff"), by and through his undersigned counsel hereby files this, his Original Petition against Defendant, Texas A&M University (hereinafter "A&M" or "Defendant"), and in support thereof, alleges as follows:

### I. DISCOVERY LEVEL

1.     Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff seeks only monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

### II.   JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims in this action as well as this Court being the proper venue for these claims under 28 U.S.C. § 1391(b) in that the Defendant's place of business is in this jurisdiction and the causes of action occurred in this district. This Court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.     Venue in Dallas County is proper in this matter because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### III. PARTIES

4.    Plaintiff is an individual that resides in Texas. The last three digits of Plaintiff's social security number are 248.

5.    Defendant is a university that conducts business in the State of Texas. This action arises out of business of said Defendant in the State of Texas and city of Dallas.

## IV.    FACTS

6.    This is a civil action against Defendant for wrongful termination of Plaintiff, retaliatory action against Plaintiff, due process violations, and defamation.

7.    Plaintiff was employed by Defendant as a professor in the Dental Hygiene program beginning in September 2007. Defendant has worked in the field for over 35 years and in addition to receiving an award distinguishing him as the "favorite" professor which was determined by student vote, he has an established record while employed by Defendant reflecting his contributions towards advancing the education of the students as well as his dedication to employer Defendant.

8.    Of relevant note based on the nature of this particular matter and the related allegations, Plaintiff is a paraplegic due to a near-fatal vehicle collision in which he was struck and rendered without sensation below his sternum.

9.    On January 16, 2023, Professor Leigh Ann Wyatt who is the Director of the Dental Hygiene Program asked Plaintiff along with the department head, Bruno Ruest, PhD to come to her office. This request was abnormal according to Plaintiff, but he complied.

10.    During the aforementioned meeting, Wyatt presented Plaintiff with statements/written reviews by a few of Plaintiff's students which essentially contained assertions suggesting Plaintiff acted in a way contrary to Title IX and in essence suggested Plaintiff had sexually harassed some students.

11.    Plaintiff vehemently denied and continues to deny any of the wrongdoings as contained in the materials provided to him by Wyatt. Given the serious nature of any complaint against a professor suggesting sexual harassment or misconduct towards a student or students, Plaintiff was deeply offended by the categorically false statements.

12.    At the conclusion of the meeting, Wyatt assured Plaintiff that she had spoken to Academic Affairs regarding the allegations and that a determination had already been made by Defendant and the responsible employees of Defendant that the assertions did not rise to behavior which falls under the protection of Title IX.

13.     Given her position as an employee for Defendant, Wyatt is a mandatory reporter concerning any matters which would fall under Title IX violations. From the January 16, 2023 meeting discussed, infra, until March 7, 2023, Wyatt did not in any way discuss with Plaintiff a single concern related to Plaintiff which would violate Title IX.

14.     On March 7, 2023, Plaintiff received notice regarding a pending investigation against him alleging 5 Title IX violations. These complaints essentially mirror exactly the supposed facts and violations as those discussed with Plaintiff in February 2023. Defendant took approximately seven (7) weeks from the date of the initial complaints until they decided to officially investigate such claims and their veracity against Plaintiff.

15.     Public policy behind Title IX centers in part on protecting vulnerable populations from mistreatment or harassment of a sexual nature committed by those in a position of power, such as for example a relationship between professor and student.

16.     In addition to Wyatt herself assuring Plaintiff that the complaints made were not of the nature where Title IX would apply, her own failure to act whatsoever as well as the failure by Defendant as a whole regarding these allegations support that even Defendant did not find the complaints to be serious or with merit. Had Defendant even remotely believed that such allegations were true, they had not only a moral responsibility, but a legal one, as mandatory reporters to take immediate action(s) to protect potential students from any acts that fall under the protection afforded by Title IX.

17.     Regardless of the contradictory nature of the facts contained within the complaints made, even in the light most favorable to Defendant, Title IX does not apply as a matter of law to the situation which brought rise to this litigation.

18.     Plaintiff was terminated by Defendant and the letter of termination cited violations of Title IX. These findings which specifically concluded that Plaintiff violated Title IX are flawed both factually and as a matter of law. The application of Title IX to the facts which Defendant used as cause for Plaintiff's termination are not only a misapplication of the law, they have had and continue to have a profound impact on Plaintiff and his ability to work in his field. Due to the extreme seriousness of the subject matter protected by Title IX, findings against a party for this type of issue often have a lifelong impact on the party found culpable, both professionally as well as often personally.

## Count One
### Wrongful Termination

19.    The Plaintiff avers Paragraphs 1 through 18, which are stated above and incorporate the allegations therein, as though they are fully restated in this Court by reference.

20.    Defendant's termination of Plaintiff based on alleged violations of Title IX were without merit and lacked substantiation or even a scintilla to support said termination of Plaintiff.

21.    As a proximate result of the wrongful termination of Plaintiff by Defendant, in particular due to the findings that Plaintiff violated Title IX, Plaintiff is unable to work in his field or seek employment to which he is qualified. The violation of Title IX findings have rendered Plaintiff essentially unemployable and are directly due to Defendant's misapplication of the law.

22.    The injuries and damages sustained by Plaintiff are directly and proximately caused by Defendant and such injuries and damages continue through the time of this filing.

23.    Defendant failed to follow its own policies as well as those under Title IX with regard to due process to be afforded to all parties, specifically to Plaintiff in this matter. Excessive violations of Defendant's own policies as well as those required by law directly impacted Plaintiff by denying Plaintiff any meaningful ability to defend himself.

## Count Two
### Retaliatory Action

24.    The Plaintiff avers Paragraphs 1 through 23, which are stated above and incorporate the allegations therein, as though they are fully restated in this Court by reference.

25.    As detailed, infra, Plaintiff met with the Director of the Dental Hygiene Program, Ms. Wyatt regarding the allegations against him. Through her actions as well as failure to act in a timely fashion (should she have believed that Title IX violations had taken place), Plaintiff suffered retaliatory action up to and including his eventual termination.

26.    The injuries and damages sustained by Plaintiff were a direct result of the retaliatory actions of Defendant.

## Count Three
### Defamation

27.    The Plaintiff avers Paragraphs 1 through 26, which are stated above and incorporate the allegations therein, as though they are fully restated in this Court by reference.

28.    Prior to Plaintiff's termination by Defendant and also prior to any determination or finding against Plaintiff, Defendant (through its employees) contacted through letter as well as in a group meeting incoming students that had not had prior interaction with Plaintiff.

29.    Defendant (through its employees) informed students of Plaintiff including the pending allegations against him. Defendant furthermore sought out information that could incriminate Plaintiff as well as represented Plaintiff as guilty. These actions directly impacted the reputation of Plaintiff and such actions were designed to illicit harm to Plaintiff by publicly holding Plaintiff out to the students as guilty without just cause.

30.    The injuries and damages caused to Plaintiff were the direct result of the defamatory actions of Defendant against Plaintiff.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that the Court find in favor of Plaintiff, grant Plaintiff any and all such relief to which he is justly entitled, including attorneys' fees and court costs, and to grant any and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

**STONE LAW, PLLC**

By: */s/ Lauren Stone*
Texas Bar No. 24107932
7104 Royal View Drive
McKinney, Texas 75070
(214) 422-2914
Laurenelizabethstone2@gmail.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 30, 2024, a true and correct copy of Plaintiff's Original Petition was served on all attorneys of record.

<div align="right">

*/s/ Lauren Stone*
Lauren Stone

</div>

# 3. DISMISSAL/ STATUS CONFERENCE ORDER – PLAINTIFF'S COUNSEL



# 162nd District Court
**GEORGE L. ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET**
**DALLAS, TEXAS  75202-4631**

October 09, 2024

LAUREN ELIZABETH STONE
HARRISON HULL & MUMM PLLC
112 WEST VIRGINA STREET
MCKINNEY TX  75069

Re: DC-24-11531
M. DOUGLAS BENSON
 vs.
TEXAS A&M UNIVERSITY

## DISMISSAL/STATUS CONFERENCE ORDER

Please take note that the above referenced action is set for a Dismissal/Status Hearing on:

11/01/2024 at    10:00 AM (IN PERSON) in the 162nd Judicial District Court, 600 Commerce St., 7th Floor, Dallas, Texas 75205.

The following may result in the Court's dismissal of the case for want of prosecution:

1. The parties fail to submit a proposed judgment or dismissal order within thirty days after the Court announced a judgment or verdict, or the Court received a written notice that the parties settled;

2. A return of citation or other filing demonstrating service on a Defendant has not been filed on or before the Dismissal Hearing;

3. Plaintiff perfected service on a Defendant, Defendant has not filed an answer on or before the Dismissal Hearing, and Plaintiff fails to file a motion for default judgement.

4. Failure to prosecute the case with due diligence.

**Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.**

Hon. Ashley Wysocki
Presiding Judge

# 4. DISMISSAL/ STATUS CONFERENCE ORDER – DEFENDANT'S COUNSEL



## 162nd District Court
**GEORGE L. ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET**
**DALLAS, TEXAS 75202-4631**

October 09, 2024

TEXAS A&M UNIVERSITY
3302 GASTON AVENUE
DALLAS TX 75246

Re: DC-24-11531
M. DOUGLAS BENSON
 vs.
TEXAS A&M UNIVERSITY

### DISMISSAL/STATUS CONFERENCE ORDER

Please take note that the above referenced action is set for a Dismissal/Status Hearing on:

11/01/2024 at   10:00 AM (IN PERSON) in the 162nd Judicial District Court, 600 Commerce St.,
7th Floor, Dallas, Texas 75205.

The following may result in the Court's dismissal of the case for want of prosecution:

1.  The parties fail to submit a proposed judgment or dismissal order within thirty days after
    the Court announced a judgment or verdict, or the Court received a written notice that the
    parties settled;

2.  A return of citation or other filing demonstrating service on a Defendant has not been
    filed on or before the Dismissal Hearing;

3.  Plaintiff perfected service on a Defendant, Defendant has not filed an answer on or before
    the Dismissal Hearing, and Plaintiff fails to file a motion for default judgement.

4.  Failure to prosecute the case with due diligence.

**Failure to appear at this hearing may result in the dismissal of this matter for want of
prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent
power.**

Hon. Ashley Wysocki
Presiding Judge

# 5. RETURN OF SERVICE

FILED
10/28/2024 3:27 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia  Reed DEPUTY
Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**Clerk of the District Court of Dallas County, Texas**<br>**Dallas County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **M. DOUGLAS BENSON, PHD** | **DC-24-11531** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **TEXAS A&M UNIVERSITY** | **10/27/2024    3:33 PM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **10/28/2024    10:39 AM** |

| Documents | Service Fee: |
|---|---|
| **PETITION** | **$150.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **10/28/2024** at **10:39 AM**: I served **PETITION** upon **Texas A&M University** by delivering **1** true and correct copy(ies) thereof, with **Texas A&M University, I delivered the documents to Christy Executive assistant who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white female contact 45-55 years of age, 5'4"-5'6" tall and weighing 140-160 lbs with glasses** at 3302 Gaston Ave, Dallas, TX 75246.

My name is: **Maranda Weatherall**. My date of birth is: **7/01/1992**
My address is: **391 Las Colinas Blvd E Ste 130, Irving, TX 75039**, USA.
My process server identification # is:    **PSC-21731**. My Certification expires: **4/30/2025**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Dallas _____ county, TX.

_____
Maranda Weatherall

10/28/2024
_____
Date Executed





## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lauren Stone on behalf of Lauren Stone
Bar No. 24107932
Laurenelizabethstone2@gmail.com
Envelope ID: 93650480
Filing Code Description: Return Of Service
Filing Description: AFFIDAVIT OF SERVICE - PETITON - TEXAS A&M UNIVERSITY
Status as of 10/30/2024 12:58 PM CST

Associated Case Party: M. DOUGLAS BENSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren Stone | | laurenelizabethstone2@gmail.com | 10/28/2024 3:27:28 PM | SENT |

Associated Case Party: SARAG HOOPER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sara Hooper | | shooper@tamu.edu | 10/28/2024 3:27:28 PM | SENT |

Associated Case Party: TERRI ALLISON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Terri Allison | | tallison@tamu.edu | 10/28/2024 3:27:28 PM | ERROR |

# 6. MOTION FOR DEFAULT JUDGEMENT

FILED
1/30/2025 7:06 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
John Bailey DEPUTY

Case 3:25-cv-00540-K    Document 1-3    Filed 03/04/25    Page 21 of 68    PageID 28

<u>CAUSE NO. DC-24-11531</u>

| | | |
|---|---|---|
| **M. DOUGLAS BENSON, PhD.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **162nd JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

---

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

Plaintiff, M. DOUGLAS BENSON, PhD, (hereinafter "Plaintiff" or "Movant"), by and through his undersigned counsel, hereby files this, his Motion for Default Judgment (the "Motion") against Defendant, TEXAS A&M UNIVERSITY (hereinafter "A&M" or "Defendant"), and in support thereof, alleges as follows:

### I. <u>FACTS</u>

1. Movant respectfully requests that this Court enter a default judgment against Defendant pursuant to Rule 503 of the Texas Rules of Civil Procedure.

2. Movant is entitled to be granted a default judgment against Defendant, and as grounds to justify the same, shows this Court the following:

    a. On July 30, 2024, Movant filed a petition against Defendant with claims for:

        i. Wrongful Termination
        ii. Retaliatory Action
        iii. Defamation

3. Service was executed by Maranda Weatherall of ABC Legal on October 28, 2024, at 10:39 AM to a woman who identified herself as Christy but per the returned citation, Christy stated she was an executive assistant that was authorized to accept service on behalf of Defendant.

4. The return of service has been on file for more than ten (10) days.

5. Although Defendant was duly served with process/notification of the claims against it, the Defendant failed to appear and/or answer. Consequently, the Defendant has wholly defaulted.

6. The date of filing this Motion is January 29, 2025.

7. Therefore, the Movant is entitled to judgment as a matter of law under Rule 503 of the Texas Rules of Civil Procedure.

## II. <u>DAMAGES</u>

8. Damages include:

    a. Actual damages totaling $152,585.89.
    b. Punitive damages
    c. Court costs
    d. Reasonable attorneys' fees

9. Attachments. Movant has attached the following documents to this Motion:

    a. Certificate of last known mailing address for Defendant
    b. Return of Service Proof
    c. Attorneys' fees Affidavit and combined invoice
    d. Records of Plaintiff's lost wages and costs for medical insurance due to wrongful termination

## <u>PRAYER</u>

WHEREAS, Movant prays that the Court enter a default judgment in Movant's favor and against Defendant, TEXAS A&M UNIVERSITY, for the following relief:

1. Actual damages in the amount of $152,585.89;
2. Punitive damages in an amount which the Court determines sufficient to deter the same or similar actions which gave rise to this lawsuit by the Defendant in the future;
3. Post-judgment interest at the highest rate allowed by law;
4. Attorney's fees in the amount of $25,735.00 for the current representation;
5. All taxable costs of court; and
6. Any and all further relief to which Movant may be entitled at law or in equity, including all writs necessary to facilitate enforcement and collection of the Court's awarded judgment.

**TOTAL REQUESTED: $178,320.89***

* (not including interest, costs of court, and any punitive damages)

Respectfully submitted,

**STONE LAW, PLLC**

*/s/ Lauren Stone*
**LAUREN STONE**
SBN: 24107932
lstone@carplawfirm.com

7920 Beltline Road
Dallas, Texas 75254
(972) 455-8700 - Telephone
(972) 767-5599 - Fax
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of January 2025, a true and correct copy of the foregoing document was served via electronic filing in accordance with the Texas Rules of Civil Procedure upon all parties.

*/s/ Lauren Stone*
LAUREN STONE
**ATTORNEY FOR PLAINTIFF**

## UNSWORN DECLARATION IN LIEU OF NOTARY, PURSUANT TO TEX. CIV. PRAC. & REM. CODE § 132.001

I declare under penalty of perjury that all information in the document above is true and correct. This meets the statutory requirement to verify this pleading.

*/s/ Lauren Stone*
LAUREN STONE
**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A

## <u>CERTIFICATE OF LAST KNOWN MAILING ADDRESS</u>

     I, Lauren Stone, hereby certify that based upon a review of records in my possession and the records found in the public domain, the last known mailing address of Defendant TEXAS A&M UNIVERSITY is:

<u>3302 Gaston Ave., Dallas, Texas 75246</u>.

<div align="center" style="margin-left:40%">

*/s/ Lauren Stone*
LAUREN STONE
**ATTORNEY FOR PLAINTIFF**

</div>

# EXHIBIT B

FILED
10/28/2024 3:27 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY
Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**Clerk of the District Court of Dallas County, Texas**<br>**Dallas County, Texas** | |

| Plaintiff | Cause# |
|---|---|
| **M. DOUGLAS BENSON, PHD** | **DC-24-11531** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **TEXAS A&M UNIVERSITY** | **10/27/2024    3:33 PM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **10/28/2024    10:39 AM** |

| Documents | Service Fee: |
|---|---|
| **PETITION** | **$150.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **10/28/2024** at **10:39 AM: I** served **PETITION** upon **Texas A&M University** by delivering **1** true and correct copy(ies) thereof, with **Texas A&M University, I delivered the documents to Christy Executive assistant who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white female contact 45-55 years of age, 5'4"-5'6" tall and weighing 140-160 lbs with glasses** at 3302 Gaston Ave, Dallas, TX 75246.

My name is: **Maranda Weatherall.** My date of birth is: **7/01/1992**

My address is: **391 Las Colinas Blvd** E **Ste 130, Irving, TX 75039,** USA.

My process server identification# is:    **PSC-21731.** My Certification expires: **4/30/2025.**

Per U.S. Code§ 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in _D_a_ll_a_s_____ county, TX.

_____    10/28/2024
Maranda Weatherall                        Date Executed




# EXHIBIT C

CAUSE NO. DC-24-11531

| | | |
|---|---|---|
| **M. DOUGLAS BENSON, PhD.**<br>**Plaintiff,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§<br>§<br>§ | **162nd JUDICIAL DISTRICT** |
| **TEXAS A&M UNIVERSITY**<br>Defendant | §<br>§ | **DALLAS COUNTY, TEXAS** |

## AFFIDAVIT OF LAUREN STONE

**STATE OF TEXAS**       )
                        )
**COUNTY OF DALLAS**     )

**BEFORE ME,** the undersigned Notary Public, on this day personally appeared Lauren Stone, who, being by me duly sworn upon her oath, deposed and stated the following:

"My name is Lauren Stone. I am over the age of 18, have never been convicted of a felony or a crime involving moral turpitude, and am fully competent to testify in all respects. I have personal knowledge of all facts set forth herein, and they are all true and correct.

I am licensed as an attorney in the States of Texas, Pennsylvania, and New Jersey and am in good standing in each of these states. I have practiced law in the State of Texas from May 2018 to the present date. I have been licensed to practice law in Pem1sylvania since 2012 and in New Jersey since 2013. I am an attorney and the founder of Stone Law, PLLC (hereinafter the "law firm").

I have worked on litigation matters in the past that have involved the same or similar issues which exist in this case. I regularly practice in courts throughout Texas. I am familiar with the

amount of attorneys' fees customarily charged in Dallas County as well as the contiguous counties for the same or similar work as performed in similar litigation. My usual and customary attorneys fee for matters such as this is $550.00 per hour for any litigation related legal services and $450.00 for any non-litigation and discovery related legal services. I am familiar with the attorneys' fees usually charged for the same or similar work in Dallas County, Texas. In my opinion, $450.00 - $550.00 per hour for an attorney with my experience and reputation in the community, my familiarity with the subject matter, my contracts with my client, and type of work involved is a reasonable hourly rate. My opinions are based upon my personal involvement and knowledge of the work conducted in this matter, as well as my education, knowledge, skill, training, and experience. I have worked 55.8 hours on this case.

I am the attorney of record for Plaintiff in the above-styled and numbered cause. As an authorized representative of the law firm, my duties and responsibilities include being personally familiar with certain documents of the law firm. I have been personally involved with this matter from its inception including the drafting of pleadings, correspondence, and evidence to date.

The number of hours *I* spent are stated on the billing records attached as Exhibit "C". All of the costs in this matter are also listed on the attached billing records.

The records attached as Exhibit "C" are kept by the law firm in the regular course of business. The records were made at or near the time or reasonably soon after the time that the services were provided. The records are the original or an exact duplicate of the original, except as redacted of atton1ey-client privileged information or work product. Specifically, I have performed the following work as it relates to my client's claims:

- Review and analysis of Defendant's correspondence to Plaintiff regarding Plaintiffs suspension and Defendant's allegations against Plaintiff;

- Drafting of numerous emails and other communications to client in part to provide responses to his questions as well as to advise generally regarding case strategy;

- Drafting numerous emails and other communications to Defendant to ascertain claims against Plaintiff and discuss Defendant's internal procedure regarding their policies for conducting hearings of this type;

- Drafting and filing Plaintiffs Original Petition;

- Requesting issuance of citation, having citation served on Defendant;

- Drafting a motion for default judgment, certificate of last known address, attorney affidavit, and final default judgment;

- Conducting extensive research of legal and factual issues pertinent to this case;

- Extensive research and analysis of Defendant's internal policies and procedures as they pertain to this case;

- Preparing response(s) to Defendant's allegations including voluminous exhibits, transmitting same to Defendant;

- Preparing PowerPoint presentation for hearing with Defendant's chosen trier of fact to support Plaintiffs contentions and details how Defendant's claims do not meet the elements of a Title IX investigation let alone a violation of same;

- Attending and participating in the 2-day hearing held by Defendant and lead by Defendant's chosen mediator to seek internal determination regarding allegations against Plaintiff;

- Significant meetings and communications with client to discuss and develop strategy;

- Evidence reviews with client for fact gathering; and

*Affidavit of Lauren Stone*

- Communications with potential witnesses regarding allegations by Defendant and investigation of facts as presented by Defendant against Plaintiff.

It is my opinion, based upon my personal involvement and knowledge of the work performed in this matter, my preparation and review of all the pleadings, motions, and other materials produced in this matter, my preparation and review of the billing statements, as well as based upon my education, knowledge, skill, training, and experience, that the services rendered in this matter for my client are all reasonable and necessary, the time spent for each such service is reasonable and necessary, and my hourly rate in this matter is reasonable and necessary. As a result, the attorneys' fees that have been incurred in this matter in furtherance of my client's causes of action are both reasonable and necessary.

It is my opinion that $25,735.00 is a reasonable fee, including costs, in furtherance of my client's lawsuit to date. My opinion is based on the billing records attached hereto as Exhibit "C" and complies with the standard set forth by the Texas Supreme Court in *Rohrmoos Venture, et. al. v. UTSW DVA Healthcare, LLP,* 578 SW3d 469 (Iex.2019). This case requires the use of the "lodestar method" to calculate reasonable attorneys' fees and incorporates the eight factors listed in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct and by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex. 1997) to calculate the base lodestar. Below is the analysis of the eight *Arthur Andersen* factors:

1. **The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service provided.**

   This litigation requires the knowledge of contract construction and business entity litigation under the laws of the State of Texas. The novelty and difficulty of the question presented is moderate and the skill required is within my ability at my standard customary rate.

2. **The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.**

This case has been filed on behalf of an individual. A significant portion of my practice is representation of individuals and business entities in the state of Texas and the firm's representation in this case may create a conflict of interest precluding the firm from future representation of a client. Additionally, this case requires allocation of my time which could be spent on other matters in which I represent clients.

**3. The fee customarily charged in the locality for similar legal services.**

Over the past thirteen years, the majority of my practice has been representing individuals and business entities in civil cases similar to this case. It is my opinion that based on the above, the hourly rate I have charged my client is reasonable and customarily charged by other attorneys who regularly practice in this discipline of the law.

**4. The amount involved, and the results obtained.**

The amount in controversy in this case is in excess of $178,320.89, excluding post judgment interest, costs of court, and any punitive damages, should such damages be awarded. rt is premature to opine as to the results obtained, since if this Court grants this final default judgment my client will immediately begin efforts to collect on this judgment.

**5. The time limitations imposed by the client or by the circumstances.**

Time is of the essence in obtaining a judgment against Defendant.

**6. The nature and length of the professional relationship with the client.**

This is the first case in which I have represented this client.

**7. The experience, reputation, and ability of the lawyer or lawyers performing the services.**

I have been a litigator for over thirteen years. I have primarily represented individuals and various business entities and universities in Title IX matters, contract, constrnction, real estate and commercial disputes.

**8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.**

My clients are billed on an hourly rate.

In addition, the client may incur attorneys' fees and expenses of $4,000.00 in attempts to collect the final judgment, including requesting writs of execution, abstracts of judgment, post-judgment discovery, and other post-judgment collection proceedings such as garnishments.

It is my opinion that if the Defendant files an appeal to the Court of Appeals, and my client prevails, the reasonable and necessary attorneys' fees for the work necessary to defend an appeal would be $12,000.00. It is my opinion that, if Defendant seeks review of this case by the Texas Supreme Court, and my client prevails, the reasonable and necessary attorneys' fee to defend the appeal would be $12,000.00.

Further Affiant Sayeth Not."

LAUREN STONE

**SWORN TO AND SUBSCRIBED** before me on the ·29 day of January 2025.

Notary Public in and for the State of Texas

**STONE LAW, PLLC**
7104 Royal View Drive
McKinney, TX 75070
United States
214-422-2914

**M. DOUGLAS BENSON - Civil**

**Litigation (DC-24-11531)**

Dates: October 6, 2023 - January 28, 2025 - COMBINED TOTAL INVOICE

| Date | Activity | Description | Rate | Hours | Line Total |
|------|----------|-------------|------|-------|------------|
| 10/6/2023 | Client Call | Client call to review facts of allegation, surrounding circumstances not contained in the notice from Defendant to client, and discussion of recovery sought. Beginning strategies discussed for future handling of case. | $450.00 | 1.5 | $675.00 |
| 10/9/2023 | Correspondence with Prior Counsel | Email correspondence to/from client's prior counsel regarding status of matter, request for her file, and communications between prior counsel and Defendant regarding this matter. | $450.00 | .5 | $225.00 |
| 10/7/2023 | Correspondence with Client | Email correspondence to/from client regarding outlined plans and tasks for each. | $450.00 | 0.2 | $90.00 |
| 10/12/2023 | Call with Client | Telephone conference with client regarding outstanding questions of fact. | $450.00 | 0.7 | $315.00 |
| 10/14/2023 | Call with Client | Telephone conference with client regarding status of case and continued fact review | $450.00 | 2.0 | $900.00 |
| 10/20/2023 | Review email from Defendant | Receipt, review, and analysis of correspondence received from Defendant regarding Plaintiff's pre-hearing conference and hearing. Confirmation email sent to Defendant and client. | $450.00 | 0.5 | $225.00 |
| 10/21/2023 | Call with Client | Detailed call with client and analysis of Defendant's communications sent to myself and client. | $450.00 | 1.5 | $675.00 |
| 10/27/2023 | Communication with Client | Communications to/from client regarding his facts that support his position and refute/impeach witness statements. | $450.00 | 0.5 | $225.00 |
| 11/01/2023 | Meeting | Meet with client to discuss pre-hearing conference strategy. | $450.00 | 1.0 | $450.00 |
| 11/6/2023 | Draft and Review Response Letter | Draft/edit client's response letter to allegations against him including attached relevant evidence. Transmitted same to Defendant. | $450.00 | 1.5 | $675.00 |
| 11/6/2023 | Call with Client | Telephone call with client regarding his response letter to Defendant and attached exhibits. | $450.00 | 0.5 | $225.00 |

| Date | Task | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 11/20/2023 | Pre-hearing Conference | Attend pre-hearing conference with Defendant to discuss procedure, Defendant's internal policies governing same, and questions needing clarification. | $450.00 | 0.5 | $225.00 |
| 11/21/2023 | Receipt, Review, and Analysis | Receipt, review, and analysis of charge letter and included enumerated allegations sent from Defendant. Discussion with client details contained therein. | $450.00 | 1.5 | $675.00 |
| 11/22/2023 | Research | Research and analysis of Defendant's official rules and policies as well as all related statutes, policies, and requirements by Defendant. | $450.00 | 2.5 | $1,125.00 |
| 12/1/2023 | Hearing Preparation | Final preparations for hearing including completion of PowerPoint to use, exhibits and documentation to refute claims, and preparation of client prior to hearing. | $450.00 | 2.0 | $900.00 |
| 12/4/2023 | Final review of materials prepared to present at hearing | Communications with client to review materials for upcoming hearing, edits made as needed and finalized strategy. | $450.00 | 1.5 | $675.00 |
| 12/5/2023 | Attend Hearing | Attend hearing, present evidence to support client's position, question witnesses, and refute incomplete evidence provided by Defendant and Defendant's witnesses. | $450.00 | 6.0 | $2,700.00 |
| 12/5/2023 | Call with Client | Telephone call with client reviewing the hearing that took place that day; collaborate on strategy for 12/6 hearing and review of strengths/evidence most beneficial to use for the second day of hearing. | $450.00 | 0.7 | $315.00 |
| 12/6/2023 | Attend Hearing | Attend hearing, question remaining witnesses, and offer closing argument. | $450.00 | 6.0 | $2,700.00 |
| 1/6/2024 | Email to Potential Witness | Email correspondence to potential witness requesting information related to this matter. | $450.00 | 0.4 | $180.00 |
| 1/6/2024 | Call with Client | Multiple detailed conversations with client regarding witness, exchange of supporting proof (emails, text messages, photographs). | $450.00 | 2.0 | $900.00 |
| 1/7/2024 | Communication with Potential Witness | Telephone communication with potential witness regarding facts she can provide and potential affidavit reflecting same. | $450.00 | 0.8 | $360.00 |
| 1/8/2024 | Draft Affidavit | Draft affidavit per witness request for her review and any changes that need to be made. | $450.00 | 1.0 | $450.00 |
| 1/14/2024 | Call with Client | Telephone call with client regarding conversation with potential witness, suggestion on drafted affidavit and answered outstanding questions on late outcome letter due tot client from Defendant. | $450.00 | 0.8 | $360.00 |
| 1/24/2024 | Receipt and Review of Hearing Outcome Letter | Receipt of outcome letter as well as notice by Defendant of Plaintiff's termination. Reviewed each allegation with client and whether it was substantiated or not and discussed next steps. | $450.00 | 2.0 | $900.00 |
| 2/4/2024 | Correspondence with Client | Email correspondence to/from client regarding received documents from Defendant and strategized potential response | $450.00 | .5 | $225.00 |

| 2/13/2024 | Status meeting with Client | Regular status meeting with client to review new information from either myself or client, reconsideration of strategy regarding appeal or filing suit, discussion of strengths and weaknesses of each. | $450.00 | 0.7 | $315.00 |
| 2/26/2024 | Correspondence with Client | Correspondence with client outlining Defendant's violations of their own policies and procedures, their incorrect application of Title IX as well as failure to follow their internal determination procedures regarding same. | $450.00 | 1.1 | $495.00 |
| 3/12/2024 | Status meeting with Client | Regular status meeting with client to review if either had received new information, renewed analysis of client's preference moving forward, and outline of steps necessary to do same. | $450.00 | 1.0 | $450.00 |
| 4/3/2024 | Status meeting with Client | Regular status meeting with client, confirmation of likely claims to include in potential drafting of petition and analysis of claims precluded from suit. | $450.00 | 0.8 | $360.00 |
| 4/25/2024 | Client Call | Call with client to review various options on how to proceed, discussed strengths and weaknesses, provided my legal advice, and noted file with his input. | $450.00 | 1.2 | $540.00 |
| 5/3/2024 | Status meeting with Client | Regular status meeting with client to update on new developments, those exhibits best to include in petition and those to exclude, and discussion on each. | $450.00 | 1.5 | $675.00 |
| 7/2/2024 | Draft and Communicate with Client | Draft fact section for Plaintiff's Original Petition, review with client to verify accuracy and made edits where needed. | $550.00 | 1.2 | $540.00 |
| 7/30/2024 | Draft Plaintiff's Original Petition | Draft Plaintiff's Original Petition and filed with the Court. Requested issuance of citation for Defendant. | $550.00 | 2.0 | $1,100.00 |
| 8/1/2024 | Status meeting with Client | Regular status meeting with client to review next steps after filing of petition, answered outstanding questions from client. | $450.00 | 0.4 | $180.00 |
| 8/30/2024 | Status meeting with Client | Regular status meeting with client regarding Defendant's failure to answer petition and the various potential outcomes of this failure. | $450.00 | 1.1 | $495.00 |
| 10/16/2024 | Correspondence with Client | Emails to/from client followed by phone communication to review strategy following filing of petition and discussion on discovery requests. | $450.00 | 1.5 | $675.00 |
| 10/28/2024 | Receipt of Executed Citation | Received notice of filed return of executed citation, conference with client regarding same. | $450.00 | 0.3 | $135.00 |
| 11/27/2024 | Status meeting with Client | Telephone conference with client to update and answer remaining questions. | $450.00 | 0.2 | $90.00 |
| 12/3/2024 | Status meeting with Client | Regular status meeting with client, requests for additional documentation surrounding employment agreement and damages regarding termination. | $450.00 | 0.7 | $315.00 |
| 1/10/2025 | Status meeting with Client | Regular status meeting with client, discussion of policies contained in Defendant's internal guidelines and rules regarding default judgments and strategy moving forward. | $450.00 | 1.0 | $450.00 |
| 1/27/2025 | Draft Default Judgment and related documents | Begin draft of documents required for Default Judgment hearing on 1/31/25. | $550.00 | 1.5 | $1,100.00 |

| 1/28/2025 | Communication with Client | Communication with client regarding documents needed, review of default judgment to be filed and attachments to same. | $450.00 | 1.0 | $450.00 |

Total Hours Billed: 55.8

## Total: **$25,735.00**

**Terms & Conditions:**

If there is a reason why you are not paying your bill, we would like to hear from you. If we do not hear from you in the next 30 days we will have to assume that you have no dispute regarding these charges. Please contact our office immediately to make payment. Notice: In the contract between the firm and said Client(s) the following is taken: [A] retainer will be deposited and maintained in a client trust account in Client's name. The money in the trust account will be applied against attorney fees earned and costs expended. The Firm does charge a $50.00 fee for returned checks for any reason. In the event the balance in said trust account is depleted or low, the firm will send written notice requesting an additional payment/retainer to be paid in order to continue work on Client's case. Client agrees to immediately make payment to bring the account up to the requested amount. If the payment is not made, Client understands the firm will withdraw as counsel. Client agrees to sign the entry of appearance pro se and the order allowing withdrawal as part of this retainer agreement. If, at any time during the course of the case, Client's balance with the Firm is $500.00 or more, then the firm will immediately withdraw from client's case.

# EXHIBIT D

Texas A&M University Health Science Center    Payroll Services 6003 TAMU College Station, TX 77843-6003
M Benson    2219 Pecan Grove Ct Dallas, TX 75228-5388

| Name | Company | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|------|---------|-------------|------------------|----------------|------------|--------------|
| M Benson | Texas A&M University Health Science Cen | 418004492 | 01/01/2024 | 01/31/2024 | 02/01/2024 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|-----------|--------------------|-----------------|---------------------|---------|
| Current | 12,000.00 | 1,527.76 | 1,639.57 | 26.10 | 8,806.57 |
| YTD | 24,000.00 | 3,055.52 | 3,279.13 | 52.20 | 17,613.15 |

| Earnings | | | | | | Employee Taxes | | |
|----------|---|---|---|---|---|----------------|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Base Pay | 01/01/2024 - 01/31/2024 | 0 | 0 | 12,000.00 | 24,000.00 | OASDI | 698.76 | 1,397.51 |
| | | | | | | Medicare | 163.42 | 326.84 |
| | | | | | | Federal Withholding | 777.39 | 1,554.78 |
| Earnings | | | | 12,000.00 | 24,000.00 | Employee Taxes | 1,639.57 | 3,279.13 |

| Pre Tax Deductions | | | Post Tax Deductions | | |
|--------------------|---|---|---------------------|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| AD&D | 4.80 | 9.60 | Long Term Disability | 26.10 | 52.20 |
| Dental | 128.00 | 256.00 | | | |
| Medical | 607.33 | 1,214.66 | | | |
| Optional Retirement | 798.00 | 1,596.00 | | | |
| Vision | 29.63 | 59.26 | | | |
| Wellness Credit | -40.00 | -80.00 | | | |
| Pre Tax Deductions | 1,527.76 | 3,055.52 | Post Tax Deductions | 26.10 | 52.20 |

| Employer Paid Benefits | | | Taxable Wages | | |
|------------------------|---|---|---------------|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| Basic Life | 4.70 | 9.40 | OASDI - Taxable Wages | 11,270.24 | 22,540.48 |
| Medical | 1,285.54 | 2,571.08 | Medicare - Taxable Wages | 11,270.24 | 22,540.48 |
| Optional Retirement | 792.00 | 1,584.00 | Federal Withholding - Taxable Wages | 10,472.24 | 20,944.48 |
| Employer Paid Benefits | 2,082.24 | 4,164.48 | | | |

| | Federal | State | Absence Plans | | | |
|---|---------|-------|---------------|---|---|---|
| Marital Status | Married filing jointly (or Qualifying widow(er)) | | Description | Accrued | Reduced | Available |
| | | | FLSA Comp Time | 0 | 0 | 0 |
| Allowances | 0 | 0 | Sick | 8 | 0 | 827 |
| Additional Withholding | 0 | | State Comp Time | 0 | 0 | 0 |

| Payment Information | | | | |
|--------------------|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount |
| Bank | Bank ******2409 | ******2409 | | 8,806.57    USD |

Benson, Merrill
Premium for Event: 21028 (Event Date: 2/6/2024)



| Month / Year | Premium | Admin Fee | Subsidy | Total | Paid | Due |
|---|---|---|---|---|---|---|
| **January 2025** | **$1,877.34** | **$37.55** | **$0.00** | **$1,914.89** | **$1,914.89** | **$0** |
| A&M Care + Pharmacy | $1,756.90 | $35.14 | $0.00 | $1,792.04 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| Superior Vision by MetLife | $24.44 | $0.49 | $0.00 | $24.93 | | |
| **December 2024** | **$1,877.34** | **$37.55** | **$0.00** | **$1,914.89** | **$1,914.89** | **$0** |
| A&M Care + Pharmacy | $1,756.90 | $35.14 | $0.00 | $1,792.04 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| Superior Vision by MetLife | $24.44 | $0.49 | $0.00 | $24.93 | | |
| **November 2024** | **$1,877.34** | **$37.55** | **$0.00** | **$1,914.89** | **$1,914.89** | **$0** |
| A&M Care + Pharmacy | $1,756.90 | $35.14 | $0.00 | $1,792.04 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| Superior Vision by MetLife | $24.44 | $0.49 | $0.00 | $24.93 | | |
| **October 2024** | **$1,877.34** | **$37.55** | **$0.00** | **$1,914.89** | **$1,914.89** | **$0** |
| A&M Care + Pharmacy | $1,756.90 | $35.14 | $0.00 | $1,792.04 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| Superior Vision by MetLife | $24.44 | $0.49 | $0.00 | $24.93 | | |
| **September 2024** | **$1,877.34** | **$37.55** | **$0.00** | **$1,914.89** | **$1,914.89** | **$0** |
| A&M Care + Pharmacy | $1,756.90 | $35.14 | $0.00 | $1,792.04 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| Superior Vision by MetLife | $24.44 | $0.49 | $0.00 | $24.93 | | |
| **August 2024** | **$1,799.26** | **$35.98** | **$0.00** | **$1,835.24** | **$1,835.24** | **$0** |
| A&M Care + Pharmacy | $1,681.04 | $33.62 | $0.00 | $1,714.66 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| DNU Superior Vision DNU | $22.22 | $0.44 | $0.00 | $22.66 | | |
| **July 2024** | **$1,799.26** | **$35.98** | **$0.00** | **$1,835.24** | **$1,835.24** | **$0** |
| A&M Care + Pharmacy | $1,681.04 | $33.62 | $0.00 | $1,714.66 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| DNU Superior Vision DNU | $22.22 | $0.44 | $0.00 | $22.66 | | |
| **June 2024** | **$1,799.26** | **$35.98** | **$0.00** | **$1,835.24** | **$1,835.24** | **$0** |
| A&M Care + Pharmacy | $1,681.04 | $33.62 | $0.00 | $1,714.66 | | |

1/29/2025 7:35:42 PM

| Month / Year | Premium | Admin Fee | Subsidy | Total | Paid | Due |
|---|---|---|---|---|---|---|
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| DNU Superior Vision DNU | $22.22 | $0.44 | $0.00 | $22.66 | | |
| **May 2024** | **$1,799.26** | **$35.98** | **$0.00** | **$1,835.24** | **$1,835.24** | **$0** |
| A&M Care + Pharmacy | $1,681.04 | $33.62 | $0.00 | $1,714.66 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| DNU Superior Vision DNU | $22.22 | $0.44 | $0.00 | $22.66 | | |
| **April 2024** | **$1,799.26** | **$35.98** | **$0.00** | **$1,835.24** | **$1,835.24** | **$0** |
| A&M Care + Pharmacy | $1,681.04 | $33.62 | $0.00 | $1,714.66 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| DNU Superior Vision DNU | $22.22 | $0.44 | $0.00 | $22.66 | | |
| **March 2024** | **$1,799.26** | **$35.98** | **$0.00** | **$1,835.24** | **$1,835.24** | **$0** |
| A&M Care + Pharmacy | $1,681.04 | $33.62 | $0.00 | $1,714.66 | | |
| A&M Care Dental PPO | $96.00 | $1.92 | $0.00 | $97.92 | | |
| DNU Superior Vision DNU | $22.22 | $0.44 | $0.00 | $22.66 | | |

1/29/2025 7:35:42 PM

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lauren Stone on behalf of Lauren Stone
Bar No. 24107932
Laurenelizabethstone2@gmail.com
Envelope ID: 96771396
Filing Code Description: Motion - Default Judgment
Filing Description:
Status as of 1/30/2025 3:15 PM CST

Associated Case Party: M. DOUGLAS BENSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren Stone | | laurenelizabethstone2@gmail.com | 1/30/2025 7:06:45 AM | SENT |

Associated Case Party: SARAG HOOPER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sara Hooper | | shooper@tamu.edu | 1/30/2025 7:06:45 AM | SENT |

Associated Case Party: TERRI ALLISON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Terri Allison | | tallison@tamu.edu | 1/30/2025 7:06:45 AM | ERROR |

# 7. PROPOSED ORDER ON MOTION FOR DEFAULT JUDGEMENT

## CAUSE NO.  DC-24-11531

| | | |
|---|---|---|
| **M. DOUGLAS BENSON, PhD.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **162nd JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On this, the _____ day of January 2025, the Court considered Plaintiff M. Douglas Benson's (hereinafter "Plaintiff") Motion for Default Judgment against Defendant Texas A&M University (hereinafter "Defendant").

Plaintiff appeared in person and through his counsel of record, Lauren Stone. Defendant, although duly cited to appear by filing an answer herein, failed to file an answer within the time allowed by law.

The Court has considered the pleadings and official records on file in this cause, the evidence, argument of counsel, and renders the following judgment:

On the claims wrongful termination, retaliatory action, and defamation, the court finds in favor of Plaintiff, M. Douglas Benson, and against Defendant, Texas A&M University.

The Court further finds, that as a result of Defendant's acts, Plaintiff suffered damages as follows:

1. Economic Damages:     $152,585.89

2. Attorney Fees:     $25,735.00

3. Court Costs:     to be determined

4. Total:     $178,670.89

IT IS ORDERED that Plaintiff is entitled to enforce this judgment through abstract, execution, and any other process necessary.  This judgment finally disposes of all matters against Defendant, Texas A&M University, and is appealable.


SIGNED ON: _____, 2025.


_____
PRESIDING JUDGE

# 8.DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

FILED
2/3/2025 4:38 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
John Bailey DEPUTY

CAUSE NO. DC-24-11531

| | | |
|---|---|---|
| M. DOUGLAS BENSON, PHD,<br>PLAINTIFF(S), | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | |
| | § | DALLAS COUNTY, TEXAS |
| TEXAS A&M UNIVERSITY,<br>DEFENDANT. | §<br>§<br>§ | |
| | § | 162ND JUDICIAL DISTRICT |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Texas A&M University ("TAMU" or "Defendant") files this Response to Plaintiff's Motion for Default Judgment and Brief in Support, requesting the Court deny Plaintiff's Motion. Defendant would respectfully show the Court as follows:

### I.     BACKGROUND

Plaintiff M. Douglas Benson, PhD filed his Original Petition on July 30, 2024. On October 28, 2024, days before the Court had scheduled a dismissal hearing in the case for want of prosecution, Plaintiff filed a Return of Service purporting to show that a process server had served Plaintiff's Original Petition to "Christy Executive assistant" at Texas A&M College of Dentistry in Dallas, Texas. The Court reset the dismissal hearing to occur on January 31, 2025. The day before the hearing was to occur, on January 30, 2025, Plaintiff filed the present Motion for Default Judgment.

1

As set forth below, this "service" was not proper for two primary reasons: (1) this Court has never issued service of citation in this case, therefore whatever was "served" to Ms. Neal was not proper service; (2) Ms. Neal cannot accept service on behalf of TAMU, nor did she represent that she was authorized to do so. *See* Exhibit 1 – Affidavit of Christi Neal.

This Court should deny Plaintiff's Motion for Default Judgment because (1) Defendant was not properly served in this lawsuit, (2) Defendant's Response constitutes an appearance necessary to avoid default judgment, and (3) the Office of the Attorney General of Texas was not notified of Plaintiff's intent to take default judgment as required by Tex. Civ. Prac. & Rem. Code Code § 39.001.

## II.    ARGUMENT & AUTHORITIES

### A. Defendant Texas A&M University was not properly served in this lawsuit.

#### 1. Citation was never issued in this matter and therefore Defendant was not properly served.

Texas Rule of Civil Procedure 99(a) specifies that "[u]pon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. Upon request, separate or additional citations shall be issued by the clerk.  The clerk must retain a copy of the citation in the court's file."

Texas Rule of Civil Procedure 106 outlines the proper method of service of a properly issued *citation*: "(a) [u]nless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the

2

citation, showing the delivery date, and of the petition." As stated above, citation was never issued by the Court, and Plaintiff's Return of Service demonstrates that no citation was included in their service. As such, Defendant was never properly served with a properly issued citation, therefore the purported "service" was improper for this reason alone.

## 2. "Christy Executive assistant" is not authorized to accept service on behalf of TAMU, nor did she represent that she was authorized.

The proper individual to serve with lawsuits against Texas A&M University is its chief executive officer – Mark Welsh, President of Texas A&M University, whose office is located in College Station, Texas.

Plaintiff's Return of Service states that Plaintiff's Original Petition was delivered to "Christy Executive assistant" at the Texas A&M College of Dentistry office, located at 3302 Gaston Ave, Dallas, TX 75246. Christi Neal is an executive assistant to TAMU's Dean of the College of Dentistry. *See* Exhibit 1. As such, she is not authorized to accept service on TAMU's behalf, nor is anyone located at the College of Dentistry office in Dallas. *Id*. According to Ms. Neal, the process server dropped off an unidentified envelope for Dean Lily Garcia, Dean of TAMU's College of Dentistry. *Id*. The process server did not identify herself as such, nor did she identify the envelope as containing a lawsuit. *Id*. The process server did not ask if Ms. Neal was authorized to accept service of a lawsuit on behalf of TAMU, and Ms. Neal did not tell the process server that she was authorized to do so.

Therefore, not only did the process server lack the proper citation, but whatever was "served" was not served upon someone authorized to accept service on behalf of TAMU. Plaintiff's service was improper for this additional reason.

## B. Defendant's Response constitutes an appearance necessary to avoid default judgment.

Texas Rules of Civil Procedure 508.3(d) and 503.1(b) specify that "[i]f a defendant files an answer or otherwise appears in a case before a default judgment is signed by the judge, the judge must not enter a default judgment." Although Defendant maintains that it was never properly served by Plaintiff, Defendant's filing of the present Response constitutes an appearance necessary to avoid default judgment in the present matter. As such, Defendant's Motion should be denied.

## C. The Office of the Attorney General of Texas was not notified of Plaintiff's intent to take default judgment as required by Tex. Civ. Prac. & Rem. Code Code § 39.001.

Tex. Civ. Prac. & Rem. Code Code § 39.001 requires that "[n]otice of intent to take a default judgment against the state, a state agency, or a party in a civil case for which Chapter 104 authorizes representation by the attorney general shall be mailed to the attorney general at the attorney general's office in Austin, Texas, by United States Postal Service certified mail, return receipt requested, not later than the 10th day before the entry of the default judgment."

As outlined in Tex. Civ. Prac. & Rem. Code Code § 104.002, the state is liable for indemnification if the damages sought "are based on an act or omission by the person in the course and scope of the person's office, employment, or contractual performance for or service on behalf of the agency, institution, or department and if:

4

(2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States … or (3) indemnification is in the interest of the state as determined by the attorney general or his designee." Because the conduct at issue in this lawsuit is covered under the statute, the Office of the Attorney General of Texas is authorized to represent Texas A&M University.

Plaintiff has not provided evidence that he notified the Office of the Attorney General of Texas of its intention to take default judgment in this case. For this additional reason, Plaintiff's Motion should be denied.

### III.    PRAYER

For the foregoing reasons, Defendant requests that the Court deny Plaintiff's Motion for Default Judgment.

Respectfully Submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/Anthony Dolcefino*
ANTHONY DOLCEFINO

5

Attorney-in-Charge
Texas Bar No. 24134406
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Anthony.Dolcefino@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**


    I certify that that on February 3, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

**Lauren Stone**
STONE LAW, PLLC
7104 Royal View Drive
McKinney, Texas 75070
(214) 422-2914
Laurenelizabethstone2@gmail.com

**COUNSEL FOR PLAINTIFF**


                                                */s/ Anthony Dolcefino*
                                                **ANTHONY DOLCEFINO**
                                                Assistant Attorney General

# EXHIBIT 1

CAUSE NO. DC-24-11531

| | | |
|---|---|---|
| M. DOUGLAS BENSON, PHD,<br>PLAINTIFF(S), | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | |
| | § | DALLAS COUNTY, TEXAS |
| TEXAS A&M UNIVERSITY,<br>DEFENDANT. | §<br>§<br>§ | |
| | § | 162ND JUDICIAL DISTRICT |

## AFFIDAVIT OF CHRISTI NEAL

1. I am currently executive assistant at the Texas A&M College of Dentistry, located at 3302 Gaston Ave, Dallas, TX 75246. I have served in this role since 2022.

2. On or about October 28, 2024, an individual came into the office and stated that she had an envelope for delivery to Dean Lily Garcia.

3. This individual did not identify herself as a process server, nor did she identify the unidentified envelope as containing a legal petition.

4. The individual did not ask me if I was authorized to accept service of a lawsuit on behalf of Texas A&M University, nor did I tell the individual that I was authorized to do so.

5. I am not authorized to accept service of process on behalf of Texas A&M University.

My name is Christi Lynn Neal, my date of birth is December 31, 1971, and my address is 3302 Gaston Ave., Dallas, TX 75246, and Dallas County. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the 3rd day of February, 2025.

Christi Neal

ROSA M VARGAS
Notary Public, State of Texas
Notary ID#13408715-6
My Commission Expires 11-29-2026

Notary without Bond

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96929401
Filing Code Description: Response
Filing Description: RESPONSE TO PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT
Status as of 2/4/2025 12:42 PM CST

Associated Case Party: M. DOUGLAS BENSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren Stone | | laurenelizabethstone2@gmail.com | 2/3/2025 4:38:42 PM | SENT |

Associated Case Party: SARAG HOOPER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sara Hooper | | shooper@tamu.edu | 2/3/2025 4:38:42 PM | SENT |

Associated Case Party: TEXAS A&M UNIVERSITY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Anthony Dolcefino | | Anthony.Dolcefino@oag.texas.gov | 2/3/2025 4:38:42 PM | SENT |
| Sarah Orr | | Sarah.Orr@oag.texas.gov | 2/3/2025 4:38:42 PM | SENT |

Associated Case Party: TERRI ALLISON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Terri Allison | | tallison@tamu.edu | 2/3/2025 4:38:42 PM | ERROR |

# 9. ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

CAUSE NO. DC-24-11531

| | | |
|---|---|---|
| M. DOUGLAS BENSON, PHD,<br>PLAINTIFF(S), | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |
| TEXAS A&M UNIVERSITY,<br>DEFENDANT. | §<br>§<br>§ | 162ND JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFF'S
## MOTION TO FOR DEFAULT JUDGMENT

After considering Plaintiff's Motion for Default Judgment, and Defendant's Response to Plaintiff's Motion for Default Judgment, the Court finds that Motion for Default Judgement should be **DENIED**. The Court has determined that Plaintiff has not properly served Defendant Texas A&M University in this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgement is hereby **DENIED**.

SIGNED this __ **2/7/2025 4:14:08 PM**


PRESIDING JUDGE

# 10.
# DEFENDANT'S
# ORIGINAL
# ANSWER

FILED
2/7/2025 4:38 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Sabrina Applewhite DEPUTY

CAUSE NO. DC-24-11531

| | | |
|---|---|---|
| M. DOUGLAS BENSON, PHD, | § | IN THE DISTRICT COURT OF |
| PLAINTIFF(S), | § | |
| | § | |
| V. | § | |
| | § | DALLAS COUNTY, TEXAS |
| TEXAS A&M UNIVERSITY, | § | |
| DEFENDANT. | § | |
| | § | |
| | § | 162ND JUDICIAL DISTRICT |

---

### DEFENDANT'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Defendant Texas A&M University ("TAMU" or "Defendant") and files its Original Answer. Defendant would respectfully show the Court as follows:

### I.    GENERAL DENIAL

Defendant asserts a general denial to the allegations contained in Plaintiff's Original Petition as authorized by Rule 92 of the Texas Rules of Civil Procedure and demands that Plaintiff prove such allegations by a preponderance of the evidence as required by law.

### II.    PRAYER

Defendant requests judgment of the Court that Plaintiff take nothing by this suit and that Defendant recovers all costs and such other and further relief to which they may be justly entitled.

Dated: February 7, 2025

1

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Anthony Dolcefino*
**ANTHONY DOLCEFINO**
Attorney-in-Charge
Texas Bar No. 24134406
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Anthony.Dolcefino@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**

2

### CERTIFICATE OF SERVICE

I certify that that on February 7, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

**Lauren Stone**
STONE LAW, PLLC
7104 Royal View Drive
McKinney, Texas 75070
(214) 422-2914
Laurenelizabethstone2@gmail.com

**COUNSEL FOR PLAINTIFF**

*/s/ Anthony Dolcefino*
**ANTHONY DOLCEFINO**
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97140384
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 2/10/2025 10:11 AM CST

Associated Case Party: TEXAS A&M UNIVERSITY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Anthony Dolcefino | | Anthony.Dolcefino@oag.texas.gov | 2/7/2025 4:38:24 PM | SENT |
| Sarah Orr | | Sarah.Orr@oag.texas.gov | 2/7/2025 4:38:24 PM | SENT |

Associated Case Party: M. DOUGLAS BENSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren Stone | | laurenelizabethstone2@gmail.com | 2/7/2025 4:38:24 PM | SENT |

Associated Case Party: SARAG HOOPER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sara Hooper | | shooper@tamu.edu | 2/7/2025 4:38:24 PM | SENT |

Associated Case Party: TERRI ALLISON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Terri Allison | | tallison@tamu.edu | 2/7/2025 4:38:24 PM | ERROR |

# 11. Notice of Scheduling Conference Hearing - Plaintiff



## IN THE 162ND JUDICIAL DISTRICT COURT
## OF DALLAS COUNTY

2/10/2025

LAUREN ELIZABETH STONE
CARPENTER & ASSOCIATES
7920 BELT LINE ROAD
SUITE 1100
DALLAS TX  75254

### NOTICE OF SCHEDULING CONFERENCE HEARING

CAUSE NO. DC-24-11531

| | |
|---|---|
| M. DOUGLAS BENSON | In the District Court |
| vs. | of Dallas County, Texas |
| TEXAS A&M UNIVERSITY | 162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **03/14/2025 at 10:00 a.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

***The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing. The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.***

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
      Level 1: 6-10 months out from the date of initial filing of the case.
      Level 2: 12-15 months out from the date of initial filing of the case.
      Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order.** If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Kim Bailey Phipps
Presiding Judge

# 12. Notice of Scheduling Conference Hearing - Defendant



## IN THE 162ND JUDICIAL DISTRICT COURT
## OF DALLAS COUNTY

2/10/2025

TEXAS A&M UNIVERSITY
3302 GASTON AVENUE
DALLAS TX  75246

## NOTICE OF SCHEDULING CONFERENCE HEARING

CAUSE NO. DC-24-11531

| | |
|---|---|
| M. DOUGLAS BENSON<br>vs.<br>TEXAS A&M UNIVERSITY | In the District Court<br>of Dallas County, Texas<br>162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **03/14/2025 at 10:00 a.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

***The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing.  The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.***

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
      Level 1: 6-10 months out from the date of initial filing of the case.
      Level 2: 12-15 months out from the date of initial filing of the case.
      Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order**. If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Kim Bailey Phipps
Presiding Judge